## STATE v. IVOR JONES.

249 N. W. 2d 893.

January 14, 1977—No. 46366.

---

*C. Paul Jones,* State Public Defender, and *Thomson, Wylde, Nordby, Blethen & Peterson* and *Bailey W. Blethen,* for appellant.

*Warren Spannaus,* Attorney General, *Richard G. Mark,* Assistant Attorney General, *Craig Forsman,* Special Assistant Attorney General, and *John F. Corbey,* County Attorney, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of keeping a place of prostitution, Minn. St. 609.32, subd. 3(1), and was sentenced to pay a $2,000 fine and serve 3 years' probation, with the first 90 days to be served in jail under the Huber Law. Execution of the sentence has been stayed pending appeal. Defendant contends on appeal that the trial court erred in refusing to submit to the jury the question of whether three young female employees who testified against him were accomplices under the rule of Minn. St. 634.04 barring conviction upon the uncorroborated testimony of an accomplice. We affirm.

The general test for determining whether a witness is an accomplice for purpose of § 634.04 is whether the witness could have been indicted and convicted for the crime with which the accused is charged. State v. Swyningan, 304 Minn. 552, 229 N. W. 2d 29 (1975). However, there is an exception to the effect that where the acts of several participants are declared by statute to constitute separate and distinct crimes, then the participants guilty of the crime are not accomplices of those who are guilty of a separate and distinct crime. Id.

This case falls within the exception to the rule because the acts of the several participants in the criminal enterprise are de-

clared by statute to constitute separate and distinct crimes. One such as defendant who manages a place of prostitution violates § 609.32, subd. 3(1), whereas the prostitutes who work in such a place violate § 609.32, subd. 4(1). Even if all of the young women who testified could be said to have participated in the overall criminal enterprise by performing acts of prostitution, they were not accomplices to the crime with which defendant was charged because their conduct was covered by a distinct provision.

This is not to say that a prostitute could not be guilty of keeping a place of prostitution, but to subject herself to prosecution for this she would have to participate in the management of the place in a significant way not evidenced on this record.

Affirmed.

MR. CHIEF JUSTICE SHERAN took no part in the consideration or decision of this case.