STATE of Minnesota, Respondent,

v.

Gerald L. GARRETSON, Appellant.

No. 50125.

Supreme Court of Minnesota.

May 16, 1980.

C. Paul Jones, Public Defender, and Susan Maki, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief Asst. County Atty., App. Section, David W. Larson, Asst. County Atty., and Thomas A. Weist, Minneapolis, for respondent.

TODD, Justice.

Defendant, after being referred by the juvenile court for prosecution as an adult, was found guilty by a district court jury of

a charge of aggravated robbery, Minn.Stat. § 609.245 (1978), and was sentenced by the trial court to a prison term of 1 year and 1 day to 20 years. On his appeal from judgment of conviction defendant contends (1) that the evidence that he intentionally participated in the robbery was legally insufficient, as was the evidence that a dangerous weapon was used, (2) that the trial court erroneously admitted a photograph of the pretrial lineup, (3) that the trial court erroneously instructed the jury that certain *Spreigl* evidence could be considered in assessing the credibility of defendant's testimony, and (4) that the trial court erroneously imposed a minimum sentence. We affirm.

The main issue in this case is the sufficiency of the evidence. Defendant was charged with participating with three friends in an aggragated robbery of a cab driver at 8 p. m. on September 16, 1978. The evidence established that defendant did not actively participate in the offense but was present and did not express surprise or protest during the robbery. The victim thought that the weapon used was a fork and not a knife, but she was not certain of this. *Spreigl* evidence was admitted which established that defendant was also present during the commission of a similar robbery of a taxicab driver 2 hours later in which a knife definitely was used. We hold that the evidence of defendant's participation in the first robbery was legally sufficient—*see State v. Parker*, 282 Minn. 343, 164 N.W.2d 633 (1969)—and that the evidence that a dangerous weapon was used was also sufficient—*see State v. Seefeldt*, 292 N.W.2d 558 (Minn.1980).

The trial court did not err in admitting the lineup photograph even though defendant's identity apparently was not in dispute, because the photograph was relevant for another purpose, specifically, to show that defendant (who is depicted standing on the tips of his toes) was trying to deceive the viewer of the photograph as to his true height. In his closing argument the prosecutor referred to the photograph and urged the jury to infer that defendant had tried to deceive the victim when she viewed the lineup. Unfortunately, the jury was never informed that the photograph was not taken the moment the victim viewed the lineup but shortly thereafter and in another room. However, since defense counsel failed to object to this statement, he must be deemed to have forfeited the issue of whether this comment was technically improper.

Defendant's third contention, relating to the trial court's instructing the jury that it could consider the *Spreigl* evidence in assessing the credibility of defendant's testimony, also must be deemed forfeited, since defense counsel did not object to the instruction either.

Defendant's final contention, relating to the imposition of a minimum sentence, is answered by our decision in *State v. Hill*, 287 N.W.2d 918 (Minn.1979), where we held that a defendant convicted of a crime in which a dangerous weapon is used by his accomplice is subject to the minimum term part of Minn.Stat. § 609.11.

Affirmed.