STATE of Minnesota, Respondent,

v.

Joseph William CHARLTON, Appellant.

No. C7–82–856.

Supreme Court of Minnesota.

Sept. 2, 1983.

C. Paul Jones, State Public Defender, Elizabeth B. Davies, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, John Dimich, Itasca County Atty., Grand Rapids, for respondent.

WAHL, Justice.

This appeal is from a conviction for aggravated robbery in violation of Minn.Stat. § 609.245 (1982) and liability for the crimes of another under Minn.Stat. § 609.05 (1982). Appellant, who relied on the defense of duress, claims that the trial court, in its jury instructions, impermissibly shifted the burden of proof on the element of intent to him. He views this burden as a violation of due process of law under the Fourteenth Amendment of the United States Constitution, *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), in that it relieves the state of its obligation to prove each element of a criminal offense beyond a reasonable doubt. We affirm.

The facts are that between 1 a.m. and 6 a.m. on October 22, 1981, appellant, age 21, along with Andrew Latimer, age 20, and Samuel Good, a juvenile, drove from near Faribault, Minnesota, where they lived, to Itasca County. They drove to the home of Mrs. June Nielson, age 65, who lived in an isolated wooded area. Appellant and Good gained entrance to her house by requesting use of her telephone to summon a tow truck, while Latimer, who was known to Mrs. Nielson, waited out of sight of the

house in a pickup truck so he would not be recognized. Good carried a double-barreled sawed-off shotgun. Appellant yanked the phone off the wall, while Good tied up Mrs. Nielson and robbed her of a small amount of cash and worthless jewelry. Mrs. Nielson feared that, since she was tied up and without a telephone in an isolated area, no one would find her. Appellant reassured her that he would inform the authorities of her situation but never did so. At any rate, Mrs. Nielson was able to free herself after the two left, taking her car and abandoning it in the driveway when they got stuck. Appellant, Latimer and Good were apprehended within the following week. Latimer pleaded guilty to aggravated robbery, and Good was adjudged delinquent. Both testified at appellant's trial.

Appellant's defense was duress at the hands of Good. He testified that he had no intention of committing armed robbery and that Good, who was under the influence of drugs and liquor, forced him at gunpoint to participate. Good testified that appellant willingly participated, and Mrs. Nielson testified that appellant appeared to be in charge. Good placed the gun on a table at one point during the robbery, but appellant made no effort to take control of it and abort the crime, nor did he notify authorities of Mrs. Nielson's plight or of his unwilling participation, which he alleged only after he was arrested.

Appellant was charged with aggravated robbery, Minn.Stat. § 609.245,[1] which incorporates the crime of simple robbery, Minn. Stat. § 609.24,[2] and with liability for the crimes of another under Minn.Stat. § 609.-05.[3] The trial court instructed the jury that a defendant is presumed innocent and that the state is required to prove each element of the crime beyond a reasonable doubt. It also instructed that duress, Minn.Stat. § 609.08 (1982),[4] is an affirmative defense which appellant has the burden of proving by a fair preponderance of the evidence.[5]

1. Minn.Stat. § 609.245 (1982) reads:
   Whoever, while committing a robbery, is armed with a dangerous weapon or inflicts bodily harm upon another is guilty of aggravated robbery and may be sentenced to imprisonment for not more than 20 years or to payment of a fine of not more than $20,000, or both.

2. Minn.Stat. § 609.24 (1982) reads:
   Whoever, knowing he is not entitled thereto, takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome his resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property is guilty of robbery and may be sentenced to imprisonment for not more than ten years or to payment of a fine of not more than $10,000, or both.

3. Minn.Stat. § 609.05, subd. 1 (1982) reads:
   A person is criminally liable for a crime committed by another if he intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the crime.

4. Minn.Stat. § 609.08 (1982) reads:
   Except as provided in section 609.20, clause (3), when any crime is committed or participated in by two or more persons, any one of whom participates only under compulsion by another engaged therein, who by threats creates a reasonable apprehension in the mind of such participator that in case of refusal he is liable to instant death, such threats and apprehension constitute duress which will excuse such participator from criminal liability.

5. The trial court's instructions, in pertinent part, are as follows:
   Mr. Charlton is presumed to be innocent, and that presumption was with him, just as it is with all criminal defendants, when he was first accused. It has remained with him ever since, and it will be with him until and unless you, the jury, find that his guilt has been established to the degree that we call beyond a reasonable doubt. The defendant does not have to prove his innocence.
   \* \* \* \* \* \*
   The defendant, Joseph Charlton, claims he is not guilty because he acted under duress. Having made this claim as an affirmative defense, the defendant has the burden of proving it by a fair preponderance of the evidence in order to be relieved of criminal responsibility for his acts, if you find that the State has proven all of the essential elements of the crime charged.
   \* \* \* \* \* \*
   Although the defendant, having raised the affirmative defense of duress, has the burden of presenting evidence of duress and the burden of establishing his claim of duress by a fair preponderance of the evidence, the State still has the ultimate burden of proving be-

The issue is whether, as appellant claims, this burden deprived appellant of due process of law under the Fourteenth Amendment of the United States Constitution by relieving the state of its duty to prove the element of intent beyond a reasonable doubt.

■ We have not addressed the issue of who bears the burden of proof when a defendant pleads duress. The Minnesota Criminal Jury Instructions Guide places that burden squarely on the state.[6] Notably, the federal model jury instructions clearly imply that "the defendant has no burden of proving coercion or compulsion, and that the burden is on the government to prove a voluntary act."[7] 1 E. Devitt and C. Blackmar, Federal Jury Practice and Instructions, Notes following § 14.16 (1977). The trial court, however, relied on *State v. Wahlberg,* 296 N.W.2d 408, 418 (Minn.1980), in which we placed the burden of proving voluntary intoxication by a fair preponderance of the evidence on defendant. The same burden is on a defendant pleading insanity. *State v. Dodis,* 314 N.W.2d 233, 239 (Minn.1982). However, a lesser burden

rests on a defendant pleading self-defense, *id.* at 237, or entrapment, *State v. Grilli,* 304 Minn. 80, 96, 230 N.W.2d 445, 456 (1975). The lesser burden is one of production, which requires the defendant to come forward and present a sufficient threshold of evidence to make the defense one of the issues of the case. Once the issue is sufficiently raised, as determined as a matter of law by the trial court, the burden of proof beyond a reasonable doubt on the issue of intent is on the state.

■ Appellant argues that the burden of proof on duress is on the state and that to hold otherwise would impermissibly relieve a state of its burden of proof on the element of intent. We agree that it is a violation of a defendant's due-process rights under the Fourteenth Amendment to shift to him the burden of proof on the element of intent. *Sandstrom v. Montana,* 442 U.S. 510, 524, 99 S.Ct. 2450, 2459, 61 L.Ed.2d 39 (1979).

■ Intent is not specified as an element of robbery or aggravated robbery in sections 609.24 or 609.245, although knowledge, that the accused knows he is not entitled to

---

yond a reasonable doubt defendant's intent to commit the crime of aggravated robbery. If you find that on account of the evidence raised by the defendant regarding duress that the State has not proven defendant's intent to commit the crime of aggravated robbery beyond a reasonable doubt, then you must find the defendant not guilty.

If you find that the State has proven beyond a reasonable doubt all of the essential elements of the crime charged, aggravated robbery, and also find that the defendant has not proven his claim of duress by a fair preponderance of the evidence, you would then find the defendant guilty. * * *.

6. 10 Minn. Dist. Judges Ass'n, Minnesota Practice, CRIMJIG 7.01 (1977) provides as follows:

A person is not guilty of a crime if he participates in the crime only because he reasonably believes from threats by another person engaged in the crime that he will be killed immediately if he refuses. The burden of proof on this issue is on the State; unless you find beyond a reasonable doubt that defendant did not act as he did because he had a reasonable fear of imminent death, defendant is not guilty.

(That threats of future danger to defendant's life have been made is no defense.)

Defendant's fear of instant death must continue throughout the time the crime is being committed, and it must not have been possible for defendant to withdraw in safety.

7. 1 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 14.16 (1977) provides as follows:

Coercion or compulsion may provide a legal excuse for the crime charged in the indictment. In order, however, to provide a legal excuse for any criminal conduct, the compulsion must be present, and immediate, and of such a nature as to induce a well-founded fear of impending death or serious bodily injury; and there must be no reasonable opportunity to escape the compulsion without committing the crime, or participating in the commission of the crime. Acts done under such coercion or compulsion are not done willfully.

If the evidence in the case leaves you with a reasonable doubt that the defendant, at the time and place of the offense alleged in the indictment, acted (failed to act) willfully and voluntarily, and not as a result of coercion, compulsion or duress as just explained, then it is your duty to find the defendant not guilty.

the property he takes, is so specified in section 609.24. Minn.Stat. § 609.02, subd. 9(1) and (2) (1982); *State v. Sandve,* 279 Minn. 229, 231, 156 N.W.2d 230, 232 (1968). A criminal state of mind, or *mens rea,* is a required element of any crime originating in the common law, and where not specified in the statute is implied as a matter of law. *United States v. United States Gypsum Co.,* 438 U.S. 422, 436–37, 98 S.Ct. 2864, 2873, 57 L.Ed.2d 854 (1978). We have implied that specific intent, or a purposeful or conscious desire to bring about a criminal result, is an element of a robbery charge.[8] *See State v. Kvale,* 302 N.W.2d 650, 652 (Minn.1981); *State v. Garretson,* 293 N.W.2d 44 (Minn. 1980); *State v. Hines,* 270 Minn. 30, 35–36, 133 N.W.2d 371, 375 (1964); *State ex rel. Peterson v. Tahash,* 260 Minn. 192, 195, 109 N.W.2d 328, 331 (1961).

Intent is a specific element of section 609.05, liability for crimes of another, the other statute under which appellant was charged.

The Supreme Court has written that criminal liability rests on both "an evil-meaning mind" and "an evil-doing hand." *Morissette v. United States,* 342 U.S. 246, 251, 72 S.Ct. 240, 243, 96 L.Ed. 288 (1952). The presence of the "evil-meaning mind," intent, was correctly explained to the jury by the trial court in this case as follows:

> Intentionally in criminal law means that the defendant either had a purpose to do the thing or to cause the results specified, or believes that his act, if successful, will cause that result. In addition, the defendant must have knowledge of those facts which are necessary to make his conduct criminal. Intent is something that exists ordinarily only in a person's mind. And it's seldom, if ever, that a person's intent can be proven by direct evidence. The intent may be inferred by the nature of the acts, what the

defendant did, what the defendant said, and how the defendant acted.

Where the "evil-meaning mind" consists of knowledge alone, duress can co-exist independently with and separately from that knowledge. *United States v. Bailey,* 444 U.S. 394, 402, 100 S.Ct. 624, 630, 62 L.Ed.2d 575 (1980). In such a case, there is no constitutional violation in requiring a defendant to prove his affirmative defense by a fair preponderance of the evidence, because the state is still required to prove each element of the crime beyond a reasonable doubt, and no element is inferred or presumed. *Patterson v. New York,* 432 U.S. 197, 205–06, 97 S.Ct. 2319, 2324–2325, 53 L.Ed.2d 281 (1977); *State v. Wahlberg,* 296 N.W.2d at 419. It is permissible, for example, to require a defendant to prove, by a fair preponderance of the evidence, a defense of mental illness, because he can be mentally ill and still possess intent to commit the crime. *State v. Linder,* 304 N.W.2d 902, 907 (Minn.1981).

Where, however, as here, the element of intent requires a conscious desire and purpose to bring about a criminal result, and a finding of duress negates that conscious purpose, the defendant cannot be made to bear the same burden of proof on the defense of duress, because a criminal result compelled through force negates the purposeful intent that the state is required to show. Such burden is impermissible under a line of United States Supreme Court cases beginning with *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and stated more recently in *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

Defendant is required to adduce sufficient evidence on duress to make the defense one of the issues of the case. At that point the presumption of innocence operates to shift the burden back to the

---

**8.** *State v. Bonga,* 278 Minn. 181, 186, 153 N.W.2d 127, 130 (1967) should not be read as requiring a *mens rea* of knowledge alone. We wrote there that the only reference to a particular state of mind in section 609.24 was that the perpetrator knows he is not entitled to property

he takes, and that the evidence sustained a finding that defendant had such knowledge. Our analysis of the knowledge finding was based on indications of defendant's reason and purpose while committing the crime, as based on his actions.

state to show lack of duress, or its converse, specific intent. Defendant's initial burden of production alleviates the state's difficulty in "proving a negative." *See State v. Paige,* 256 N.W.2d 298, 304 (Minn.1977).

The appropriate jury instruction where defendant pleads duress and sufficiently raises the issue as a matter of law is CRIM-JIG 7.01, cited herein at footnote 6, and in *State v. Rosillo,* 282 N.W.2d 872, 873, n. 1 (Minn.1979). *See also United States v. Johnson,* 381 F.Supp. 210, 211–12 (D.Minn. 1974), *aff'd,* 516 F.2d 209, 212 (8th Cir.1975), *cert. denied,* 423 U.S. 859, 96 S.Ct. 112, 46 L.Ed.2d 85 (1975).

■■■ 2. Since the trial court erred in placing the burden of persuasion of duress on appellant, the issue then becomes whether reversible error was thereby committed. We will not hold a federal constitutional error to be harmless unless we can declare a belief that it was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). If a failure to appropriately instruct as a matter of fundamental law results in substantial and material prejudice to defendant, a new trial is necessary. *State v. Williams,* 324 N.W.2d 154, 157 (Minn.1982). We do not believe that the erroneous instruction in this case resulted in material and substantial prejudice to the defendant.

■■■ As set out above, the trial court fully instructed the jury on the presumption of defendant's innocence and on the state's ultimate burden of proof. The evidence indicates that the state met its burden beyond a reasonable doubt, whether the defendant's burden was one of proof or of production. To find duress, the jury must believe that (1) appellant, due to threats, was under a present reasonable apprehension of instant death should he refuse to participate in the crime; (2) fear of instant death must have continued throughout the commission of the crime; and (3) defendant could not safely withdraw. *State v. Rosillo,* 282 N.W.2d at 873.

■■■ Appellant admits that in the hours preceding the robbery he willingly drove to Itasca County with Latimer and Good for an illegal purpose and that he had committed theft with them in the past. Mrs. Nielson testified that appellant appeared to be in charge during the robbery, and Good stated that appellant suggested to him prior to the robbery that he, Good, pull the gun out, act crazy, and "take the rap" because he was a juvenile.

Appellant had an opportunity to take possession of the gun that Good left on the table, but he did not do so. Subsequent to the crime, the three participants stole gas. Appellant never contacted police to tell them of Mrs. Nielson's plight and that he was forced to be a party to the robbery. In short, the evidence clearly showed that appellant was a willing participant in the robbery.

Our careful review of the evidence indicates not only that the state sustained its burden of proof beyond a reasonable doubt on the element of intent, disproving appellant's defense of duress, but that the verdict as a whole was supported by the evidence. Consequently, appellant's contention that the verdict was unsupported by the evidence is without merit.

The judgment of the Itasca County District Court is affirmed.