**STATE of Minnesota, Respondent,**

v.

**Norman HAYES, Appellant.**

**No. C6–84–75.**

Court of Appeals of Minnesota.

July 10, 1984.

Review Denied Sept. 12, 1984.

Hubert H. Humphrey, III, Atty. Gen., State of Minn., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Stephen C. Rathke, Crow Wing County Atty., Brainerd, for respondent.

C. Paul Jones, Minn. State Public Defender, Mark F. Anderson, Asst. State Public Defender, University of Minn., Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant's convictions for three counts of burglary, furnishing liquor to a minor and contributing to the delinquency of a minor were based, in large part, on the testimony of the fellow participants. On appeal, he contends these individuals were accomplices and their testimony was insufficiently corroborated to sustain his convictions. We disagree and affirm.

## FACTS

On April 20, 1983, appellant, age 28, was "driving around" near Crosby, Minnesota with Dwayne Mattson, age 18. They picked up John Crimmins, age 17, and Laurissa and Virginia DeBord, ages 17 and 16 respectively. They were all drinking beer which appellant and Mattson had purchased. About 11:00 p.m. appellant picked up John Pettit and Dean Crimmins, ages 17 and 16 respectively.

Appellant then bought gas near his home on Island Lake. At that time, he and Mattson apparently discussed burglarizing some cabins. Appellant drove the car to a pump house on Island Lake, a glass window was broken and several items including an outboard motor, television, stereo, tackle boxes, and tools were stolen. Appellant then drove to a remote area about one-half mile from his home and while the young women remained in the car, the others broke into two summer cabins. Stolen property was placed in appellant's trunk and in the back seat of the car where the young women were seated. Appellant then drove everyone to his home. They all assisted in transferring the stolen property from the car to appellant's white Ford pickup truck and returned to the cabins.

Appellant backed his truck into the sandy driveway, leaving distinct tire tracks. The young women remained in the truck while appellant and the boys loaded additional stolen property into the truck. After everyone reentered the truck, appellant drove to a friend's home in Crosby to borrow some gas money.

Appellant drove the group to the Twin Cities area where he attempted to sell some of the property. The following day the

group got back in the truck and headed home. Appellant stopped at a relative's home near Princeton to store the remaining stolen property. By the late evening or early morning hours of April 21–22, appellant dropped everyone at their respective homes.

At the court trial the six other participants testified. Three of the juveniles, John Pettit and the two Crimmins, were adjudicated delinquent as a result of their participation. Appellant was convicted of three counts of burglary, one count of furnishing liquor to a minor and one count of contributing to the delinquency of a minor. His concurrent sentence was 21, 25 and 32 months for the burglary convictions, one year for furnishing liquor to a minor and 90 days for contributing to the delinquency of a minor.

## ISSUE

Was the accomplice testimony sufficiently corroborated to justify appellant's convictions?

## ANALYSIS

Appellant contends the testimony of his accomplices was insufficiently corroborated to sustain his convictions. Minn.Stat. § 634.04 (1982) provides:

A conviction cannot be had upon the testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

■ 1. An accomplice is one who has been or could be convicted of the same offense as the accused. *State v. Jones,* 347 N.W.2d 796 at 800 (Minn.1984); *In the Matter of the Welfare of D.M.K.,* 343 N.W.2d 863, 866 (Minn.Ct.App.1984). The state concedes the men with appellant were accomplices. The critical issue is whether the two young women were accomplices. The evidence is clear, the young women were present during the burglaries, i.e. in the car and subsequently in the truck, and they actively assisted in transferring stolen property from appellant's car to his pickup truck. Appellant contends they would be liable under Minn.Stat. § 609.05, subd. 1 (1982), for intentionally aiding, advising, hiring counseling or conspiring with or otherwise procuring another to commit the crime.

■ We agree with appellant; the young women's participation rose to the level of active conduct needed to satisfy Minn.Stat. § 609.05, subd. 1. "Presence, companionship and conduct before and after the offense are circumstances from which a person's participation may be inferred." *D.M.K.,* 343 N.W.2d at 867. The young women were present and knew what was transpiring. This is not a case where they merely received stolen goods and were not accomplices to the theft. *See State v. Swyningan,* 304 Minn. 552, 229 N.W.2d 29 (1975). Their conduct shows "a high level of activity on the part of an aider and abetter in the form of conduct that encourages another to act." *State v. Ulvinen,* 313 N.W.2d 425, 428 (Minn.1981). *See D.M.K.,* 343 N.W.2d at 867–68. *See also State v. Garretson,* 293 N.W.2d 44 (Minn. 1980); *State v. Parker,* 282 Minn. 343, 164 N.W.2d 633 (1969). The evidence shows the young women could have been convicted of burglary.

■ 2. In reviewing accomplice testimony to determine the sufficiency of corroborative evidence, we view the evidence in the light most favorable to the state. *State v. Adams,* 295 N.W.2d 527, 533 (Minn.1980). Corroboration need not be such as to establish a prima facie case. *See Jones,* at 799. It "is sufficient if it restores confidence in the accomplices testimony, confirming its truth and pointing to defendant's guilt in substantial degree." *State v. Houle,* 257 N.W.2d 320, 324 (Minn. 1977); *see Jones,* at 799. Here, there is ample corroboration: 1) investigating officers testified to the distinctive and unusual truck tire tracks in the sand driveway at the crime scene which matched appellant's tire tread. 2) The area where the burgla-

ries occurred was very remote and only one-half mile from appellant's home. This tends to corroborate the accomplices' testimony that they were unfamiliar with the area and tends to show appellant knew the area. 3) Appellant told investigating officer Deputy Rudquist that he would attempt to regain the stolen property after being told he was believed to be involved in the burglaries. This evidences a guilty mind. 4) Deputy Rudquist also testified he was later informed by appellant that appellant was unable to get the property back and implicated the Crimmins. 5) The next day John Crimmins and John Pettit returned a truckload of stolen property. 6) Deputy Rudquist's testimony corroborates John Crimmins testimony as to the series of events. 7) Testimony by three witnesses of the car being driven through yards and across lawns. We believe that appellant's convictions are supported by the evidence.

■ 3. Appellant contends his conviction for furnishing liquor to a minor cannot stand because the persons with him were accomplices to that crime since they all admitted drinking the malt liquor furnished by appellant. Minn.Stat. § 340.73, subd. 1 (1982) provides:

> It is unlawful for any person, except a licensed pharmacist to sell, give, barter, furnish, deliver, or dispose of, in any manner, either directly or indirectly, any intoxicating liquors or non-intoxicating malt liquors in any quantity, for any purpose, to any person under the age of 19 years, or to any obviously intoxicated person.

The state concedes that minors can be criminally liable under this section but contends that under an exception to accomplice liability, the minors here are not accomplices to this offense. The exception is

> where the acts of several participants are declared by statute to constitute separate and distinct crimes, then the participants guilty of the crime are not accomplices of those who are guilty of separate and distinct crime.

*State v. Jones*, 311 Minn. 472, 473, 249 N.W.2d 893, 893 (1977). In *Jones*, prosti-

tutes in a house of prostitution were held not to be accomplices of the "employer" because their conduct constituted a separate statutory offense from that of managing a place of prostitution. *Id.* at 473–74, 249 N.W.2d at 894.

The legislature enacted a separate provision applicable to the minors. Minn.Stat. § 340.731 (1982) provides in part:

> [i]t shall be unlawful for ... (2) a person under the age of 19 years to consume any intoxicating liquor or to purchase, attempt to purchase or have another purchase for him or her any intoxicating liquors; ....

The conduct of the minors here was covered by a distinct statutory provision. They were not accomplices to the crime of furnishing liquor to a minor. As such, their testimony was clearly sufficient to convict appellant of this offense.

■ 4. Finally, appellant challenges his conviction for contributing to the delinquency of a minor. Minn.Stat. § 260.315 (1982) provides in part:

> Any person who by act, word or omission encourages, causes or contributes to the neglect or delinquency of a child, ... shall be guilty of a misdemeanor.

"The protection of the morals and general well-being of minors is obviously what the statute aims at." *State v. Sobelman*, 199 Minn. 232, 234, 271 N.W. 484, 485 (1937). Minors may be criminally liable under this statutory provision. Op.Att'y.Gen. 218–J–12 (1950). The state contends the two young women were not accomplices to this offense since they were never adjudicated delinquent as a result of the offenses committed. An adjudication of delinquency, however, is not required for a prosecution of contributing to the delinquency of a minor. 31 Op.Att'y.Gen. 91 (1958).

### DECISION

■ There is sufficient independent evidence corroborating the accomplices' testimony. The appellant's convictions for burglary, furnishing liquor to a minor, and

contributing to the delinquency of a minor are supported by the evidence.

Affirmed.