**STATE of Minnesota, Respondent,**

v.

**William F. HEUER, Appellant.**

**No. C9–84–2080.**

Court of Appeals of Minnesota.

May 21, 1985.

C. Paul Jones, Public Defender, Lawrence Hammerling, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Mary J. Theisen, Asst. Atty. Gen., St. Paul, Thomas Simons, Renville County Atty., Olivia, for respondent.

Considered and decided by POPOVICH, C.J., WOZNIAK and FORSBERG, JJ., with oral argument waived.

## SUMMARY OPINION

WOZNIAK, Judge.

### FACTS

On May 4, 1983, appellant William Heuer and 16-year old J.L. visited together and drank beer in a park in Hector, Minnesota. They walked to the police department and chatted with Officer Brent Olson around 9:30 p.m. They left and found some keys inside a truck outside the Farmer's Co-op Creamery. They took the keys and opened the door to the creamery. They then took two metal boxes containing change, two pounds of sliced cheese, one pair of leather gloves, and about $30 from the cash register. They ate some of the cheese, throwing the rest on top of the roof of the creamery with the keys. They hid the rest of the property and then left.

While they walked near the "canteen," a nearby (2½ blocks away) restaurant, they threw a rock through the restaurant window. As they walked home around 12:30 a.m., they saw Officer Olson. J.L. ran and hid behind an elevator and Heuer continued to walk where he was observed by Officer Olson. He then ran and hid with J.L. When Olson got in his car to investigate, he could not find Heuer, but he noticed the broken canteen window. The burglary of the creamery was discovered the next morning. J.L. confessed and all of the stolen property, except the money, was recovered in the locations J.L. described.

After a court trial, the trial court determined there was sufficient corroborating evidence of J.L.'s testimony to convict Heuer and found him guilty of burglary, Minn.Stat. § 609.58, subd. 2(3) (1982). Heuer challenges the conclusion that there was sufficient corroborating evidence.

### DECISION

J.L.'s testimony was sufficiently corroborated pursuant to Minn.Stat. § 634.04 (1982). Corroboration "is sufficient if it restores confidence in the accomplice's testimony, confirming its truth and pointing to the defendant's guilt in some substantial degree." *State v. Houle*, 257 N.W.2d 320, 324 (Minn.1977). *See State v. Hayes*, 351 N.W.2d 654, 656 (Minn.Ct.App.1984).

Here, Officer Olson's testimony showed Heuer had the opportunity to commit the crime as he was seen near the canteen with the broken window and near the creamery at an hour deemed unreasonable by the officer (after midnight in the middle of the week with no businesses open).

Officer Olson also established Heuer's association with J.L. shortly before the crime. He also confirmed Heuer's guilty mind in verifying J.L.'s testimony that Heuer hid from Officer Olson. Further, evidence showed the stolen property was discovered by police in the locations where J.L. told them it would be found.

■ Corroboration need not be such as to establish a prima facie case. *Hayes*, 351 N.W.2d at 656. Under the factors set out in *State v. Mathiasen*, 267 Minn. 393, 398–99, 127 N.W.2d 534, 538–39 (1964), the corroborating evidence was sufficient.

Affirmed.