529 N.W.2d 395 (1995)
STATE of Minnesota, Respondent,
v.
Michael Wayne BRODIE, Appellant.
No. C3-94-1167.
Court of Appeals of Minnesota.
March 21, 1995.
*397 Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis County Atty., Duluth, Paul R. Kempainen, Asst. Atty. Gen., St. Paul, for respondent, State of Minn.
Lawrence W. Pry, Asst. State Public Defender, St. Paul, for appellant Michael Wayne Brodie.
Considered and decided by RANDALL, P.J., and KLAPHAKE, and DAVIES, JJ.

OPINION
RANDALL, Judge.
Appellant Michael Wayne Brodie appeals from a jury conviction of aggravated driving while under the influence, Minn.Stat. § 169.129 (1992), and three lesser included offenses. Brodie contends that the trial court erred in refusing to instruct the jury that the prosecution had the burden of proof beyond a reasonable doubt regarding the defense of necessity. He further argues that he did not knowingly and intelligently waive his right to counsel. Brodie also argues that his three convictions of lesser included offenses should be vacated because they stemmed from the same act.

FACTS
On November 10, 1993, police stopped a vehicle on I-35 near downtown Duluth that was weaving and driving at different speeds. Officers identified Brodie as the driver. Brodie told police the passenger was having a heart attack and he needed to get his friend to a hospital. Police arrested Brodie for driving while under the influence (DWI) and called an ambulance to assist the passenger.
Before trial Brodie attempted to fire his public defender. At an initial pretrial hearing, the chief public defender appeared on Brodie's behalf. The trial court and Brodie discussed at length Brodie's demand for a speedy trial. On the issue of self-representation, Brodie informed the court of his problem with the public defender and his attempt to have another attorney assigned to him. The trial court held that Brodie's original public defender would be available at trial if Brodie wished to use him.
At a hearing the day of trial, the trial court attempted to elicit from Brodie whether he wanted to proceed with his original public defender as counsel or proceed pro se with the public defender as standby counsel. Each time the trial court sought a decision from Brodie regarding whether he would be representing himself, Brodie brought up issues related to his speedy trial request. The trial court eventually received a response to the representation question when Brodie stated, "I guess I've got no choice." The trial court then informed Brodie that the public defender would be present as standby counsel.
In the prosecution's case in chief, officers testified that when they stopped Brodie, Brodie said the passenger was in cardiac arrest and needed to go to the hospital. An officer *398 observed that the passenger was obviously under the influence of alcohol, but the passenger did complain to police of chest pain.
Brodie presented his own testimony in defense. He testified that he met his friend Maynard Peterson at a restaurant. He asked Peterson to drive him to his parents' house. No one was home so they left. About one-half mile from the house, Peterson grabbed his chest and said he was having a heart attack. Brodie pushed Peterson into the passenger side. There were no houses around. Brodie testified that his only thought was to get to a hospital. Brodie said he thought Peterson might die if he did not get help.
Brodie submitted a proposed jury instruction on the defense of necessity. The trial court agreed to give the proposed instruction to the jury but refused to give an additional instruction indicating that the prosecution would have the burden of proof beyond a reasonable doubt to defeat the defense of necessity. The trial court stated that it did not want "to confuse the jury" with an instruction on the burdens of proof.
Brodie was found guilty of aggravated DWI. This appeal followed.

ISSUES
1. Did the trial court err in failing to instruct the jury on the burdens of proof for the necessity defense?
2. Did the trial court err in failing to establish on the record that Brodie's waiver of his right to counsel was knowing and intelligent?
3. Should Brodie's three convictions for lesser included offenses be vacated?

ANALYSIS

I.
A defendant is entitled to an instruction on his theory of the case if there is evidence to support that theory. State v. Ruud, 259 N.W.2d 567, 578 (Minn.1977), cert. denied, 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978). An instruction should be given if it is warranted by the facts and relevant law. State v. Daniels, 361 N.W.2d 819, 831 (Minn.1985).
Brodie argues that the trial court erred by refusing to instruct the jury about the appropriate burden of proof after he raised the defense of necessity. We agree.
Minnesota appellate courts have not previously been presented with a question of the specific burdens of proof relating to the defense of necessity. However, the supreme court has set forth the allocation of burdens for other criminal defenses. In State v. Brechon, the supreme court identified the appropriate burdens for ordinary and affirmative defenses:
[A]n ordinary defense[] requir[es] the defendant to present evidence, with the burden of persuasion on the prosecution to disprove the defense beyond a reasonable doubt; * * * [A]n affirmative defense[] requir[es] the defendant to go forward with the evidence raising the defense and shoulder the persuasion burden of establishing such defense by a preponderance of the evidence.
State v. Brechon, 352 N.W.2d 745, 749 (Minn. 1984).
When a defendant pleads self-defense, entrapment or duress, his burden is the lesser burden of production, that of fairly raising the defense. Then the burden of disproving those defenses beyond a reasonable doubt shifts to the state. See State v. Niska, 514 N.W.2d 260, 264 (Minn.1994); see also State v. Charlton, 338 N.W.2d 26, 29-31 (Minn.1983); State v. Grilli, 304 Minn. 80, 96, 230 N.W.2d 445, 456 (1975). The supreme court held that the Fourteenth Amendment required such an allocation of the burdens because the defenses are "inextricably bound" to the intent requirement, which the state is required to prove. Niska, 514 N.W.2d at 264. However, regarding the defense of mental illness, the burden of proof is on the defendant to establish the defense by a preponderance of the evidence. State v. Dodis, 314 N.W.2d 233, 239 (Minn.1982).
Brodie argues that the burden of proof for necessity is on the state. We agree. To hold otherwise would impermissibly relieve the state of its burden of proof on *399 the mens rea element. See Charlton, 338 N.W.2d at 29. We conclude that as a matter of law, a defendant raising the defense of necessity has the burden of production. When a defendant properly raises the defense of necessity, the burden of persuasion shifts to the state to disprove the defense by proof beyond a reasonable doubt. The defendant's initial burden of production alleviates the state's difficulty in proving a negative. Id. at 31 (quoting State v. Paige, 256 N.W.2d 298, 304 (Minn.1977)).
The state acknowledges that Brodie had the initial burden of production to establish the defense but argues that Brodie did not meet that burden and that the burden of persuasion never shifted to the state. We disagree. Brodie presented evidence that he was a passenger in a car driven by Peterson, when Peterson clutched his chest and said he was having a heart attack. Brodie testified that there were no houses around and he believed he had to get Peterson to the hospital, so he then took over driving to a hospital. Brodie carried his burden of production by fairly raising evidence that his actions were justified by necessity.
The trial court erred when it refused to give the requested jury instruction setting forth the burdens of proof. By inference, the burden of proof regarding necessity was placed on Brodie, in effect shifting the burden of proving intent onto him in violation of the Fourteenth Amendment. See Niska, 514 N.W.2d at 264.
The trial court stated it did not want to "confuse" the jury. However, instructing the jury that the state had the burden of proof beyond a reasonable doubt would be no more "confusing" to a jury than identifying any other elements the state has to prove by that same burden. In fact, the phrase "proof beyond a reasonable doubt" is virtually the most common phrase in a criminal case. It is repeatedly given to the jury in the court's opening instructions, closing arguments by counsel, and the court's closing jury instructions. We conclude Brodie was entitled to an instruction on the burdens of proof for the defense of necessity because the instruction was warranted by the facts and the law. Daniels, 361 N.W.2d at 831.
Brodie also argues that the prosecutor's closing arguments regarding the necessity defense were improper. The prosecutor argued that the DWI statutes do not explicitly provide an exception for a necessity, inferring the defense of necessity was therefore not available to Brodie. We agree that this deceptive argument was improper. However, we note that our decision to reverse is not based on this error.
Brodie contends that in addition to the instructional error regarding the necessity defense, the prosecution failed to meet its burden of persuasion. He argues that he is entitled to reversal based on insufficient evidence. We disagree. Had the defense of necessity been presented properly to the jury, we find the prosecution presented sufficient evidence to support his conviction.

II.
The trial court's finding that appellant knowingly and intelligently waived his right to trial counsel will be affirmed unless clearly erroneous. See State v. Richards, 456 N.W.2d 260, 264 (Minn.1990). Brodie argues that his waiver of counsel was neither knowing nor intelligent. We agree.
It is the duty of the trial court to ensure a knowing and intelligent waiver of the right to counsel. State v. Krejci, 458 N.W.2d 407, 412 (Minn.1990). A court should make a comprehensive examination of the defendant regarding his comprehension of the charges against him, the possible punishments, the defenses and mitigating circumstances. Id., at 412 (citing State v. Rubin, 409 N.W.2d 504, 506 (Minn.1987), and Burt v. State, 256 N.W.2d 633, 634-35 (Minn. 1977)). The focus of the knowing and intelligent waiver inquiry is to determine whether the defendant actually understands the significance and consequences of his decision. State v. Thornblad, 513 N.W.2d 260, 263 (Minn.App.1994) (citing Godinez v. Moran, ___ U.S. ____, ____ n. 12, 113 S.Ct. 2680, 2687 n. 12, 125 L.Ed.2d 321 (1993)). A defendant should be made aware of the dangers and disadvantages of self-representation so that he knows what he is doing and his choice is made with his eyes open. Richards, *400 456 N.W.2d at 264 (citing Faretta v. California, 422 U.S. 806, 835-36, 95 S.Ct. 2525, 2541-42, 45 L.Ed.2d 562 (1975)).
The trial court erred by failing to make a record showing that appellant was fully aware of the consequences of self-representation. The trial court did not determine on the record Brodie's comprehension of the charges he faced, the potential punishment he faced if convicted, or any defenses or mitigating circumstances that were present. Krejci, 458 N.W.2d at 412. Neither did the court inquire on the record whether Brodie actually understood the significance of his decision. Thornblad, 513 N.W.2d at 263. The trial court erred by failing to establish that Brodie knew what he was doing when he made the choice to represent himself. Richards, 456 N.W.2d at 264.

III.
Lastly, Brodie argues that Minn.Stat. § 609.04 (1992) forbids more than one conviction for the same behavioral incident. Because we are reversing and remanding for a new trial, it is not technically necessary to address this alleged error. But for the sake of clarity and because this issue is capable of arising again, we will address sentencing.
A person may be convicted of either the crime charged or an included offense, but not both. Minn.Stat. § 609.04, subd. 1 (1992). Although it is not improper for a defendant to be charged with numerous offenses stemming from one act, a defendant may not properly be convicted of more than one of the charged offenses. State v. Weaver, 386 N.W.2d 413, 417-18 (Minn.App.1986), pet. for rev. denied (Minn. June 19, 1986). "Conviction" means a verdict of guilty accepted and recorded by the court. Minn. Stat. § 609.02, subd. 5(2) (1992).
[T]he proper procedure to be followed by the trial court when the defendant is convicted on more than one charge for the same act is for the court to adjudicate formally and impose sentence on one count only. The remaining conviction(s) should not be formally adjudicated at this time. If the adjudicated conviction is later vacated for a reason not relevant to the remaining unadjudicated conviction(s), one of the remaining unadjudicated convictions can then be formally adjudicated and sentence imposed, with credit, of course, given for the time already served on the vacated sentence.
State v. LaTourelle, 343 N.W.2d 277, 284 (Minn.1984). Formal adjudication occurs when the trial court accepts a verdict of guilty and records the conviction.
Only the aggravated DWI conviction of Brodie was formally adjudicated by the trial court. Brodie points to a discussion at sentencing regarding the effect of the jury verdict. In response to Brodie's question of whether all four "counts" would be entered on his record, the trial court responded that "They're entered as convictions out of the same behavioral incident." Brodie properly argues that he should not have four convictions on his record. The point is, he does not. On the commitment form ordering Brodie to custody, the trial court recorded only the conviction of aggravated DWI.
Brodie's confusion arises from the vague statements of the trial court at sentencing. When a defendant has received multiple jury verdicts based on a single behavioral incident, it is preferable that the trial court state explicitly at sentencing which conviction or convictions it is formally adjudicating. However, despite the trial court's failure here to explain clearly that Brodie was being formally adjudicated only on the aggravated DWI conviction, the trial court recorded only that one offense. Since only one conviction was formally adjudicated by the trial court accepting and recording it, there are no remaining convictions for this court to vacate. LaTourelle, 343 N.W.2d at 284.

DECISION
The trial court erred in failing to instruct the jury on the appropriate burdens regarding the defense of necessity. The trial court also erred in failing to conduct an inquiry on the record to establish that Brodie knowingly and intelligently waived his right to counsel. If Brodie had been adjudicated guilty of multiple convictions, all but aggravated DWI would have to be vacated. On the record, we *401 find only one formal adjudication, that of aggravated DWI. No order for vacation is needed.
Reversed and remanded for retrial.