STATE v. LEO WALTER AYERS.

228 N. W. 2d 547.

March 28, 1975—No. 44645.

*C. Paul Jones*, State Public Defender, and *Robert T. Dolan*, Special Assistant State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *Peter W. Sipkins*, Solicitor General, and *Richard B. Allyn* and *Robert C. Carlson*, Special Assistant Attorneys General, for respondent.

PER CURIAM.

Defendant was convicted in district court of having sexual intercourse with a child, Minn. St. 609.295(2), and taking indecent liberties with a child, Minn. St. 609.296, subd. 2, and was sentenced to a maximum indeterminate term of 20 years' imprisonment. He contends on this appeal from judgment of conviction and from an order denying his motion for a new trial that the trial court, acting as trier of fact, did not apply the appropriate standard of proof and that there was insufficient evidence to convict him of sexual intercourse with a child. We affirm.

With respect to the first issue, it is true that the trial court did use

the phrase "clear and convincing" in talking about the complainant's testimony; however, the trial court made it clear that he applied the proof-beyond-a-reasonable-doubt standard in finding defendant guilty. Thus, there is no merit to this contention.

With respect to the second issue, we concede that the testimony of the complainant, who was 13 years old and retarded, was somewhat contradictory. However, the state did not rely solely on her testimony but also called defendant's 15-year-old brother-in-law, who was present on the night in question, and his testimony strongly corroborated the victim's testimony. We do not hesitate to hold that the evidence was sufficient to support defendant's convictions. See, State v. Reichenberger, 289 Minn. 75, 182 N. W. 2d 692 (1970); State v. Butenhoff, 279 Minn. 177, 155 N.W. 2d 894 (1968).

Affirmed.