**STATE of Minnesota, Appellant,**

v.

**Brian Victor MYRLAND, Respondent,**

**Mark Robert Norlander, Respondent.**

**Nos. C8–01–2223, CX–01–2238.**

Court of Appeals of Minnesota.

June 4, 2002.

848

Mike Hatch, Attorney General, St. Paul, MN; and James C. Backstrom, Dakota County Attorney, Kathryn M. Keena, Lawrence F. Clark, Assistant Dakota County Attorneys, Hastings, MN, for appellant.

Jeffrey Dean, Minneapolis, MN, for respondents.

Considered and decided by HANSON, Presiding Judge, KLAPHAKE, Judge, and FOLEY, Judge.

## OPINION

FOLEY, Judge.*

In these consolidated appeals, the state challenges the dismissal of charges against respondents for possession of child pornography. The state contends that the district court erred in finding that the affirmative defense in Minn.Stat. § 617.247, subd. 8 (2000), unconstitutionally requires defendants to prove the age of the person

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

in the pornographic work. Because we find the statute only imposes on the defendant the burden of production, we reverse and remand.

## FACTS

On March 22, 2001, respondent Mark Robert Norlander was charged with possession of pornography involving minors under Minn.Stat. § 617.247, subd. 4 (2000). He moved to dismiss the charge on the constitutional grounds that (1) the affirmative defense in Minn.Stat. § 617.247, subd. 8 (2000), shifts the burden of proof by requiring that he prove the age of the persons in the pornographic work; (2) the statute contains no *mens rea* element; and (3) the statute is overbroad. Several months later, respondent Brian Victor Myrland was charged under the same statute in an unrelated incident. He moved to dismiss for the same reasons.

The district court granted both motions and dismissed the cases in separate orders, finding that the affirmative defense violates respondents' due process rights by requiring them to prove an essential element of the crime, namely, the age of the persons in the pornographic work. The court denied respondents' motions to dismiss on the other grounds. The state filed separate notices of appeal, respondents cross-appealed, and we consolidated the appeals.[1]

## ISSUE

Does the affirmative defense in Minn. Stat. § 617.247, subd. 8 (2000), unconstitutionally shift the burden of proof to the defendant?

## ANALYSIS

The relevant statute prohibits knowingly possessing

a pornographic work or a computer disk or computer or other electronic, magnetic, or optical storage system or a storage system of any other type, containing a pornographic work.

Minn.Stat. § 617.247, subd. 4 (2000). "Pornographic work" is defined as:

(1) an original or reproduction of a picture, film, photograph, negative, slide, videotape, videodisc, or drawing of a sexual performance involving a minor; or

(2) any visual depiction, including any photograph, film, video, picture, drawing, negative, slide, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means that:

(i) uses a minor to depict actual or simulated sexual conduct;

(ii) has been created, adapted, or modified to appear that an identifiable minor is engaging in sexual conduct; or

(iii) is advertised, promoted, presented, described, or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexual conduct.

For the purposes of this paragraph, an identifiable minor is a person who was a minor at the time the depiction was created or altered, whose image is used to create the visual depiction.

Minn.Stat. § 617.246, subd. 1(f) (2000); *see* Minn.Stat. § 617.247, subd. 2(a) (2000) (adopting the definition of "pornographic work" in section 617.246 for section 617.247). A "minor" is a person under the age of 18. Minn.Stat. § 617.246, subd. 1(b)

---

1. We do not address the issues raised by respondents because they failed to brief them. *See Rainer v. State*, 566 N.W.2d 692, 694 n. 1

(Minn.1997) (holding that a party waives the issues it appeals if it fails to brief them).

(2000). Finally, the defense at issue provides:

It shall be an affirmative defense to a charge of violating this section that the pornographic work was produced using only persons who were 18 years or older.

Minn.Stat. § 617.247, subd. 8 (2000).

The state argues the statute is constitutional because it requires the state, not respondents, to prove that the person in the pornographic work is a minor. It contends that the affirmative defense only requires respondents to make a prima facie showing that the age of the person is a disputed issue, at which point the burden shifts back to the state to disprove the defense. Respondents counter that the statute is unconstitutional on its face because it requires them to prove the person is older than 18.

 Whether a statute is constitutional is a question of law, which we review de novo. *State v. Grossman*, 622 N.W.2d 394, 396 (Minn.App.2001). Due process requires that the state prove every element of a crime beyond a reasonable doubt. *Patterson v. New York*, 432 U.S. 197, 204, 97 S.Ct. 2319, 2324, 53 L.Ed.2d 281 (1977); *State v. Auchampach*, 540 N.W.2d 808, 816 (Minn.1995). It also prohibits the state from imposing the burden of persuasion on the defendant to disprove or negate an element of the crime. *State v. Hage*, 595 N.W.2d 200, 204 (Minn.1999). But once the state proves each element of the crime beyond a reasonable doubt, it may impose on the defendant the burden of proving by a preponderance of the evidence that his or her conduct should be excused by some mitigating circumstances or issues. *Id.* at 207 (allowing state to impose burden of persuasion on defendant to prove it was necessary for her to be in control of a vehicle while under the influence of alcohol).

 However, if these mitigating circumstances or issues disprove or negate an element of the crime, then "the greatest burden a state may impose upon a defendant is that of shouldering the burden of production." *Id.* at 205; *see State v. Charlton*, 338 N.W.2d 26, 30–31 (Minn. 1983) (defendant had only burden of production regarding claim of duress because otherwise he would be forced to disprove or negate his intent to commit robbery where intent was element of crime). A defendant meets this lesser burden by making "a prima facie showing that the proffered defense is an issue in the case," at which point the burden of persuasion reverts to the state to prove beyond a reasonable doubt that the defense does not exist. *Hage*, 595 N.W.2d at 205. Therefore, due process is violated if (1) the proffered defense disproves or negates an element of the charged crime, and (2) the defendant has the burden of persuasion with respect to the defense.

It is the duty of courts to interpret statutes as the legislature intended. Minn.Stat. § 645.16 (2000) (instructing courts to interpret laws in accordance with legislative intent). To that end, we first look to the legislature's guidance before employing other interpretative devices. Our state legislature has at times imposed the burden of persuasion on defendants when raising affirmative defenses. *See* Minn.Stat. §§ 609.344, subd. 1(b) (2000) (regarding age in criminal sexual conduct); 609.205(4) (regarding provocation of animal in second-degree manslaughter); 169A.46 (regarding drinking and driving). But at other times the legislature has provided for affirmative defenses without addressing whether the burden of persuasion or production applies. *See* Minn.Stat. §§ 609.26, subd. 2 (2000) (regarding deprivation of parental and custodial rights); 169.09 (regarding leaving the scene of an accident).

This inconsistent treatment also exists in our appellate court decisions, which at times impose the burden of persuasion for affirmative defenses and other times impose only the burden of production. *See Auchampach*, 540 N.W.2d at 817 n. 7 (noting inconsistent treatment); 9 Henry W. McCarr & Jack S. Nordby, *Minnesota Practice* § 7.1 (2001) (same). Without resolving the dilemma, the Minnesota Supreme Court instructed those encountering the inconsistency to look beyond the classifications and, in the words of Justice Oliver Wendell Holmes, "think things, not words." *Auchampach*, 540 N.W.2d at 817 n. 7 (citing *Holmes–Laski Letters: The Correspondence of Mr. Justice Holmes and Harold J. Laski 1916–1935* 738 (Mark DeWolfe Howe ed., 1953)). Thus, the proper approach is to disregard labels such as "affirmative defense" and instead focus on what the defense substantively requires. *See Auchampach*, 540 N.W.2d at 817 n. 7.

■ Respondents' contention that the statute, on its face, imposes the burden of persuasion is without merit. To the contrary, nothing in this statute indicates what burden the legislature intended to place on a defendant raising the defense. Therefore, we are left to our rules of interpretation.

> [W]hen confronted with a statute susceptible to multiple interpretations, we adopt the one that stands in harmony with the Constitution, even if the alternative construction might otherwise seem a more accurate reflection of legislative intent.

*State v. Carroll*, 639 N.W.2d 623, 627 (Minn.App.2002) (quotation omitted); *see* Minn.Stat. § 645.17(3) (2000) ("The legislature does not intend to violate the constitution of the United States or of this state."). In this case, the possible interpretations are either that it imposes a burden of persuasion with respect to an element of the crime, which is unconstitutional, or it imposes a burden of production, which is constitutional. Given this choice, we must adopt the constitutional interpretation and find that the defense imposes merely the lesser burden of production.

Thus, the defense does not violate respondents' due process rights because it does not impose upon them a burden of persuasion regarding an element of the crime. Rather, it merely requires respondents to make a prima facie showing that the age of the persons involved is a disputed issue.[2] As such, the state is never freed of its burden to prove the age of the persons involved and the charges will be dismissed if it fails to meet that burden.

## DECISION

Because the affirmative defense in Minn. Stat. § 617.247, subd. 8 (2000), imposes on defendants only the burden of production regarding the age of the persons in the pornographic work, the district court erred in finding the statute unconstitutional and in dismissing the charges against respondents.

**Reversed and remanded.**

2. Respondents note the United States Supreme Court's concern over a similar affirmative defense provision in the federal child pornography law. *Ashcroft v. Free Speech Coalition*, —— U.S. ——, ——, 122 S.Ct. 1389, 1404, —— L.Ed.2d ——, —— (2002), *aff'g* 198 F.3d 1083 (9th Cir.1999) ("The Government raises serious constitutional difficulties by seeking to impose on the defendant the burden of proving his speech is not unlawful."). This concern is met here because we find the affirmative defense in Minnesota's law does not impose the burden of proof, but merely the burden of production.