**STATE of Minnesota, Respondent,**

v.

**Brian Victor MYRLAND, Appellant.**

**No. A03–1646.**

Court of Appeals of Minnesota.

June 22, 2004.

Mike Hatch, Attorney General, St. Paul, MN; and James C. Backstrom, Dakota County Attorney, Kathryn M. Keena, Assistant County Attorney, Hastings, MN, for respondent.

Jeffrey C. Dean, Dean Law Office, Minneapolis, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; RANDALL, Judge; and FORSBERG, Judge.*

## OPINION

HUDSON, Judge.

Appellant Brian Victor Myrland challenges his convictions for possession of pictorial representations of minors under Minn.Stat. § 617.247 (2002). Because the evidence is insufficient to support the convictions, we reverse on that basis. We do not reach the other issues raised by appellant, but we do note that trial errors occurred which, taken cumulatively, might also have justified a new trial in this matter.

## FACTS

On May 14, 2001, students at Highland Elementary School in Apple Valley approached the school's computer lab monitor, Lisa Losure, to tell her that they had found something "icky" at a printer in the lab. Losure investigated and found two printed Internet photographs, both depicting adult men with exposed genitals. Losure immediately suspected appellant Brian Myrland, a fifth-grade teacher, of having viewed and printed the images. This was because some months earlier, Myrland had approached Losure and told her that he had viewed some "inappropriate" websites on his classroom computer. Because he seemed genuinely contrite and embarrassed, Losure helped Myrland "clean up" his computer to ensure that the computer did not contain any inappropriate images that students might stumble across. Losure did not look at any of the websites Myrland had visited and she did not report his conduct to school administration. After discovering the pictures on May 14, Losure walked through the school to determine which computers were running the Internet at that time. She found four computers that had Internet browsers open, including the computer in Myrland's classroom.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

After the incident in the computer lab, school officials conducted a search of Myrland's classroom computer, focusing on the computer's "cookie" files, including several URLs[1] with pornographic references such as "boys" and "sex teens." They found numerous images and references to all manner of pornographic material. The school confronted Myrland, and he admitted to having used several other school computers as well to view adult male pornography during non-school hours. These computers were located in the classrooms of other teachers. His practice was to find images on the Internet that pleased him, then print them off on school printers, and take them home.

During the school's examination of the other computers Myrland admitted to having used, school personnel found references to several websites that appeared to contain sexual images of minors, and contacted the police. The websites contained terms that police associated with child pornography, such as "illegal teens" and "hardcore action of teen boys." Myrland told police he had never viewed or even attempted to view sexual images of minors, and that he had no interest in such material. Myrland indicated that his primary interest was adult, male, gay pornography. When police searched Myrland's home, they found some adult homosexual pornography, but no child pornography.

Myrland was charged with one count of possession of pictorial representations of minors under Minn.Stat. § 617.247 (2002). On Myrland's motion, the district court dismissed the complaint, finding the statute unconstitutional because it impermissibly shifted the burden of proof on an essential element of the crime (the age of the person depicted) to the defendant. The state appealed the ruling, and this court reversed in *State v. Myrland*, 644 N.W.2d 847 (Minn.App.2002), *review denied* (Minn. Aug. 6, 2002), *cert. denied* 537 U.S. 1019, 123 S.Ct. 537, 154 L.Ed.2d 426 (2002). The complaint against Myrland was reinstated, but was later amended to charge Myrland with three separate counts of possession of pictorial representations of minors in violation of Minn.Stat. § 617.247, subd. 4 (2002). Each count corresponded to a computer on which child pornography was found.

After numerous pre-trial motions and hearings, a three-day trial was held before a jury. Witnesses for the state testified that searches of the computers Myrland admitted to using revealed thousands of pornographic images, a few of which depicted what appeared to be young teenage boys engaged in sexual behavior. On cross-examination, witness Bonnie Halvorson, the school district's technical support manager, admitted that it was impossible to determine who originally downloaded the images or viewed them, and that anyone with access to the computers could have done so. The school district's human resources manager also testified for the state, stating that when the investigation into Myrland's activities began, Myrland was placed on administrative leave. Myrland objected to this testimony and the objection was overruled. Myrland objected again when the witness testified that when the investigation became a criminal investigation, he recommended that the school district terminate Myrland's employment.

Jim Boyer, a Bureau of Criminal Apprehension computer analyst, testified for the state that all the images found on the

1. "URL" is the acronym for "universal resource locater," which is the universal address of an Internet web page.

computers came from "unallocated space" on the computers' hard drives, and that there was no way to tell who had viewed them or if they had been viewed at all. He also admitted on cross-examination that some of the websites referenced could have been accessed inadvertently or could have appeared on the screen when a computer user accessed another site.

Myrland acknowledged a homosexual orientation and also acknowledged that he had viewed adult male pornography on school computers during after-school hours, but testified he had never viewed or searched for any images of minors engaged in sexual behavior. He stated (and the state concedes) that all teachers had access to all school computers using the same access code. Myrland testified that he could not remember a code change during the period in which he admitted to viewing adult pornography on the computers. The computers were available during the summer, when Myrland was not present in the school, and he admitted that he often left the Internet running on his computer during school hours when he was not in the classroom.

The jury found Myrland guilty of two counts of possession of pictorial representations of minors and acquitted him of the third count. Myrland's sentence was stayed pending this appeal.

## ISSUES

I. Is the evidence sufficient to support appellant's convictions for possession of pictorial representations of minors?

II. Do trial errors entitle appellant to a new trial?

III. Should this court revisit the constitutionality of Minn.Stat. § 617.247?

## ANALYSIS

### I

When considering a claim of insufficient evidence, this court's review is limited to a painstaking analysis of the record to determine whether the evidence, viewed in the light most favorable to the conviction, is sufficient to allow the jurors to reach the verdict that they did. *State v. Webb,* 440 N.W.2d 426, 430 (Minn.1989). This court will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense. *State v. Alton,* 432 N.W.2d 754, 756 (Minn.1988).

After a careful review of all of the evidence presented at trial, we conclude that the evidence is insufficient to support appellant's convictions for possession of pictorial representations of minors under Minn.Stat. § 617.247 (2002). When a conviction is based on circumstantial evidence, that evidence must "form a complete chain which, in light of the evidence as a whole, leads so directly to the guilt of the accused as to exclude 'beyond a reasonable doubt' any reasonable inference other than guilt." *State v. Jones,* 516 N.W.2d 545, 549 (Minn. 1994) (quotations omitted). The evidence does not do so here, and we must reverse appellant's convictions.

First, the evidence does not prove beyond a reasonable doubt that appellant in fact possessed the illegal images or exercised exclusive control over the computers on which they were found. Minn.Stat. § 617.247, subd. 4(a) (2002), states that it is a felony to possess "a pornographic work or a computer disk or computer ... containing a pornographic work." "Pornographic work" is essentially defined as a visual depiction of a minor engaged in

sexual conduct. Minn.Stat. § 617.246, subd. 1(f) (2002).

Most other child pornography cases involving the Internet and a multi-user computer involve an eyewitness account that the defendant was seen viewing illegal material. *See, e.g., State v. Sisler,* 177 N.J. 199, 827 A.2d 274 (2003); *State v. Roberts,* 796 So.2d 779 (La.App. 3 Cir.2001), *writ denied,* 825 So.2d 1163 (La.2002) (both involving a defendant who used a public library computer to view child pornography). Because appellant here was not seen viewing the images or using the computers to do so, the state was required to prove that he had constructive possession of the computers by showing that he exercised dominion and control over them. *See State v. Florine,* 303 Minn. 103, 104–05, 226 N.W.2d 609, 610 (1975) (constructive possession may be shown where a strong inference exists that the defendant once possessed the illegal item and continues to exercise dominion and control over it).

Certainly, appellant admitted to using the computers to view adult pornography, which shows that he did have access to the computers and the Internet. But the uncontroverted evidence showed that the Internet access code was the same for all teachers on all of the school's computers, and that any number of students, teachers, substitute teachers, and visitors may also have had access to the computers. That appellant was one of potentially hundreds of people who could have accessed the computers in question does not prove beyond a reasonable doubt that he possessed the computers or the illegal images for purposes of Minn.Stat. § 617.247 (2002).

■ Second, the evidence does not prove beyond a reasonable doubt that appellant possessed the images knowing their content. Minn.Stat. § 617.247, subd. 4(a) (2002), requires that the defendant possess the images "knowing or with reason to know its content and character."

Testimony presented at trial by the state's witness James Boyer showed that there are any number of ways that images or text can be stored to the "unallocated space" of a computer's hard drive. Boyer testified that pop-up advertisements, unsolicited emails, and banner advertisements could contain illegal images or text suggestive of illegal material, and even if the computer user ignored them or deleted them, that text could be stored to the computer's hard drive. Further, a computer user could view legal adult pornographic materials at the top of a web page, and any illegal child pornographic material at the bottom of the page would be stored to the computer's hard drive, even if the user never "scrolled down" or viewed the material and was unaware of its presence.

Of the many thousands of pornographic images and texts found in the unallocated space of the computers in question, only a tiny fraction-less than 100 images total, appeared to depict minors. That text containing the words "boys" or "teens" appeared on the computers, without more, does not prove that the words actually referred to illegal materials. Testimony showed that some of the "websites" discovered on the hard drives were really just text references within other websites, rather than sites actually visited by the computer user.

The evidence simply does not prove beyond a reasonable doubt that appellant accessed child pornography knowing or with reason to know of its content.

This court has reviewed all of the evidence presented at trial, including a number of photographic images that appear to depict minor boys engaged in sex acts. These images are graphic and repugnant. But, the fact that the images are disturbing and repulsive is not proof that appel-

lant possessed or intended to possess child pornography. The evidence at trial does not prove beyond a reasonable doubt that appellant is guilty of the charged crimes, and we must reverse his convictions.

## II

Appellant also argues that various trial errors, viewed cumulatively, denied him his right to a fair trial. Because we reverse his convictions due to insufficiency of the evidence, we need not address each of the claimed errors. However, we agree with appellant that errors did occur, and those errors, considered cumulatively, draw the fairness of appellant's trial seriously into question, and thus we note them here.

■ First, the district court erred in allowing the school district's human resources director, over appellant's objection, to testify regarding what employment actions were taken against appellant during the investigation. That testimony was irrelevant to the criminal charges and could have improperly influenced the jury to believe that the school district considered appellant guilty of the charges, a fact that had no bearing on the jury's decision.

■ More seriously, the district court allowed the prosecutor, over objection, to make improper remarks during her closing argument. The test for prosecutorial misconduct is strict. A new trial based on prosecutorial misconduct will only be granted if "the misconduct, considered in the context of the trial as a whole, was so serious and prejudicial that the defendant's constitutional right to a fair trial was impaired." *State v. Johnson*, 616 N.W.2d 720, 727–28 (Minn.2000).

■■ In general, it is improper for the prosecutor "to urge the jury to protect society with its verdict." *State v. Hoppe*, 641 N.W.2d 315, 320 (Minn.App.2002), *review denied* (Minn. May 14, 2002). Prosecutors are not to make closing arguments intended to "inflame the passions or prejudices of the jury," or to attempt to divert the jury from the facts of the case by making broad policy arguments. *State v. Salitros*, 499 N.W.2d 815, 818 (Minn.1993) (quotations omitted).

■ The prosecutor here was permitted to argue that once an image of a child reaches the Internet, that child is victimized again and again every time the image is viewed. She also stated that in order for child pornography to exist, "there had to be a kid who either had to be sexually abused, who was required to perform some type of sexual act." These statements are irrelevant to the facts of the case, and are highly inflammatory. There was no allegation whatsoever that appellant sexually abused any child or children or created the images in question. Appellant was a well-liked teacher who had never, in 20 years of teaching, been accused of improper behavior toward a student. Appellant was accused of viewing images created by others and placed on the Internet. The prosecutor's statements were clearly designed to appeal to the jury's disgust over the content of the images and to divert the jurors' attention from the fact that the state failed to prove that appellant was in fact guilty of the charged crimes. Again, this conduct alone might not justify granting a new trial, but we would be remiss if we did not take note of its impropriety.

## III

Finally, appellant argues that Minn.Stat. § 617.247 (2002) is unconstitutional and asks us to revisit our decision in *State v. Myrland*, 644 N.W.2d 847 (Minn.App. 2002), in which this court upheld the validity of the statute. Because we reverse for insufficiency of the evidence, we need not reach this issue here.

We also note that we deny the state's motion to strike from consideration four citations appellant submitted to this court after briefing was concluded. The motion is denied.

## DECISION

Because the evidence presented at trial is insufficient to support appellant's convictions for possession of pictorial representations of minors under Minn.Stat. § 617.247 (2002), we reverse.

**Reversed.**