STATE of Minnesota, Respondent,

v.

**Douglas Howard KRAMER, Appellant.**

No. C8–02–2054.

Court of Appeals of Minnesota.

Sept. 2, 2003.

Paul Engh, Joseph Friedberg, Minneapolis, MN, for appellant.

Mike Hatch, Attorney General, Thomas R. Ragatz, Steven H. Alpert, Assistant Attorneys General, St. Paul, MN, and David J. Hauser, Otter Tail County Attorney, Fergus Falls, MN, for respondent.

Considered and decided by WRIGHT, Presiding Judge, LANSING, Judge, and PARKER, Judge.*

## OPINION

WRIGHT, Judge.

On appeal from a conviction of third-degree criminal sexual conduct, appellant argues that the state failed to present sufficient evidence to rebut his defense of mistake of age. Appellant also argues that the district court erred when, following an in camera review, it declined to require disclosure of documents that the state's

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

expert witness initially failed to produce for the district court's review. We affirm.

## FACTS

Appellant Douglas Kramer was charged with third-degree criminal sexual conduct, in violation of Minn.Stat. § 609.344, subd. 1(b) (2000). The following evidence was presented at trial. Kramer operated a resort in Otter Tail County. M.M., who was 15 years old on the offense date, lived down the road from Kramer and frequently visited the recreation room of the resort.

In November 2000, M.M. and Kramer were in the recreation room when Kramer began making sexual comments to M.M. M.M. testified that Kramer then physically forced her into the backseat of his vehicle located in the adjoining garage. Despite M.M's resistance, Kramer removed M.M.'s clothing and told her "[i]f you scream, no one will hear you." Kramer tried kissing M.M. on the lips and kissed her neck and chest. He also engaged in oral sex and in intercourse with M.M.

M.M. stated that, as a result of this incident, she was afraid of contracting AIDS or other sexually transmitted diseases and of becoming pregnant so she asked her mother to schedule an appointment for her at Planned Parenthood. M.M. visited Planned Parenthood and told an individual there that she had been raped by a neighbor. M.M. also reported her experience with Kramer at a group home during the summer of 2001.

After receiving a report that M.M. had been sexually assaulted, Detective Matt McGuire interviewed Kramer at his home in June 2001. Kramer admitted having oral sex and intercourse with M.M.

Minn. Const. art. VI, § 10.

McGuire testified that Kramer believed that the age of consent in Minnesota was 18, but McGuire did not ask Kramer how old he thought M.M. was.

M.M. testified that she was 15 when Kramer had sexual intercourse with her. She could not directly recall an occasion when she talked with Kramer about her age, but "there were several suggestions made." M.M. discussed with Kramer her plans to apply to a high school, which she explained must be done the year before entering. But Kramer never asked M.M. how old she was, and she never discussed school activities with him.

Kramer testified that he was born on July 4, 1942, and admitted that he had sex with M.M. He stated that he thought M.M. was a senior in high school and that he believed she was 17 at the time they had sex. Kramer initially testified that he knew M.M. was still in school and probably had not turned 18. But he later testified that he thought she was older than 18.

Jane Van Sickle, a licensed psychologist who treated M.M., testified as an expert witness. Prior to trial, the district court ordered Van Sickle to produce M.M.'s psychological records. During Van Sickle's testimony, she admitted that she had not produced all of the records. The district court ordered her to produce additional records for an in camera review. After the review, the district court concluded that the additional records did not "contain information material to [Kramer]'s guilt or innocence" and denied Kramer's motion for production of these records.

After a bench trial, Kramer was convicted of third-degree criminal sexual conduct and received an executed sentence of 18 months' imprisonment. This appeal followed.

## ISSUES

I. Did the district court err in its ruling regarding the defense of mistake of age?

II. Did the district court abuse its discretion when it limited the disclosure of the complainant's psychological records?

## ANALYSIS

### I.

Whether the district court has properly construed a statute is a question of law, which we review de novo. *State v. Murphy*, 545 N.W.2d 909, 914 (Minn.1996). The third-degree criminal-sexual-conduct statute provides, in pertinent part:

A person who engages in sexual penetration with another person is guilty of criminal sexual conduct in the third degree if any of the following circumstances exists:

. . . .

(b) the complainant is at least 13 but less than 16 years of age and the actor is more than 24 months older than the complainant. *In any such case it shall be an affirmative defense, which must be proved by a preponderance of the evidence, that the actor believes the complainant to be 16 years of age or older.*

Minn.Stat. § 609.344, subd. 1 (2000) (emphasis added). Kramer asserts that the district court erred as a matter of law when it did not require the state to rebut Kramer's affirmative mistake-of-age defense with proof beyond a reasonable doubt. Essentially, Kramer asserts that he should not have been convicted because, once he raised the mistake-of-age defense, acquittal was warranted unless the state rebutted the defense with proof beyond a reasonable doubt.[1]

1. The state argues that Kramer waived this   issue because he conceded at trial that he had

Formerly unavailable as a defense to third-degree criminal sexual conduct, the mistake-of-age affirmative defense was added when the statute was amended in 1975. 1975 Minn. Laws ch. 374, § 5. To employ the affirmative defense of mistake of age, the defendant must show that it is more likely than not that he or she believed that the complainant was 16 or older. Minn.Stat. § 609.344, subd. 1(b). Kramer asserts that, once he raised the defense, the burden of persuasion shifted and the state was required to prove beyond a reasonable doubt that Kramer was *not* mistaken as to M.M.'s age. But Kramer cites no legal authority demonstrating that the burden of proving mistake of age operates differently from the statutory language. Kramer's argument as to the quantum of evidence required to prove the defense contradicts the plain language of the statute. *See id.* (stating that the affirmative defense of mistake of age must be proved by a preponderance of the evidence). The mistake-of-age defense as provided in Minn.Stat. § 609.344, subd. 1(b), does not involve a shifting of the burden of proof to the state.

▮ A due process analysis governs the allocation and nature of the burden of proof when a defendant raises an affirmative defense. The Due Process Clause requires the state to prove every element of a crime charged beyond a reasonable doubt. *Patterson v. New York*, 432 U.S. 197, 204, 97 S.Ct. 2319, 2324, 53 L.Ed.2d 281 (1977); *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970); *State v. Auchampach*, 540 N.W.2d 808, 816 (Minn.1995). The burden to disprove the existence of any element of the crime charged may not be shifted to the defendant. *Auchampach*, 540 N.W.2d at 816 (quoting *Mullaney v. Wilbur*, 421 U.S. 684, 701–04, 95 S.Ct. 1881, 1891–92, 44 L.Ed.2d 508 (1975)). To do so would violate a defendant's due process rights. *Id.* "Accordingly, if the mitigating circumstance or issue disproves or negates an element of the crime charged, the greatest burden a state may impose upon a defendant is that of shouldering the burden of production."[2] *State v. Hage*, 595 N.W.2d 200, 205 (Minn.1999). Under these circumstances, once a defendant has met the burden of production, "the burden of persuasion [3] reverts to the state to prove beyond a reasonable doubt that the defense does not exist." *State v. Myrland*, 644 N.W.2d 847, 850 (Minn.App.2002) (citing *Hage*, 595 N.W.2d at 205), *review denied* (Minn. 2002), *cert. denied*, 537 U.S. 1019 (2002). In sum, the burden reverts to the state only in cases where a defendant makes a prima facie showing that the mitigating circumstances disprove or negate *an element* of the crime charged. *Hage*, 595 N.W.2d at 205; *see also State v. Charlton*, 338 N.W.2d 26, 30–31 (Minn. 1983) (holding that defendant had only the burden of production regarding claim of duress because otherwise he would be

the burden to prove that there was a mistake of age. Generally, we do not address issues not raised below. *Roby v. State*, 547 N.W.2d 354, 357 (Minn.1996). Because we cannot address Kramer's challenge to the sufficiency of the evidence without first addressing the burden shouldered by each party, we must, for the purposes of our analysis, reach the merits of this argument. *See* Minn. R. Civ. App. P. 103.04 (authorizing appellate court to review any other matter as the interests of justice may require).

2. The burden of production is "[a] party's duty to introduce enough evidence on an issue to have the issue decided by the fact-finder[.]" *Black's Law Dictionary* 190 (7th ed.1999).

3. The burden of persuasion is "[a] party's duty to convince the fact-finder to view the facts in a way that favors that party." *Black's Law Dictionary* 190 (7th ed.1999).

forced to disprove or negate his intent to commit robbery where intent was an element of the crime).

■ Conversely, the burden to prove an affirmative defense may remain with the defendant where the mitigating circumstances do not negate an element of the offense. "[O]nce the state proves each element of the crime beyond a reasonable doubt, it may impose on the defendant the burden of proving by a preponderance of the evidence that his or her conduct should be excused by some mitigating circumstances or issues." *Myrland,* 644 N.W.2d at 850 (citing *Hage,* 595 N.W.2d at 207); *Patterson,* 432 U.S. at 209, 97 S.Ct. at 2326 (stating that, if the state recognizes a mitigating factor, it "may assure itself that the fact has been established with reasonably certainty"); *Hage,* 595 N.W.2d at 206–07 (holding that it was proper to require defendant to prove the defense of necessity by a preponderance of the evidence where doing so did not require defendant to disprove or negate any element of · the charged offense of being in physical control of a motor vehicle while under the influence of alcohol).

■ Kramer raised the mistake-of-age defense in defending a charge of third-degree criminal sexual conduct. We, therefore, examine the elements of the crime charged to determine the nature of the burden and, consequently, which party shoulders it. *Hage,* 595 N.W.2d at 206. The elements of the offense of third-degree criminal sexual conduct are (1) sexual penetration (2) with another person who is at least 13 but less than 16 years of age and (3) "the actor is more than 24 months older than the complainant." Minn.Stat. § 609.344, subd. 1(b). That the actor knows the complainant is under 16 is not an element of Minn.Stat. § 609.344, subd. 1(b). None of the elements of the offense even addresses the knowledge or intent of the actor. The actor's belief that the· complainant is 16 or older, therefore, does not negate an element of the offense. *See id.* Accordingly, this affirmative defense is merely a mitigating circumstance that does not require the burden of proof to revert to the state to disprove the defense beyond a reasonable doubt. We conclude that the burden of persuasion with regard to the mistake-of-age affirmative defense was properly allocated to, and remained with, Kramer.

■ Kramer also contends that the state failed to rebut by proof beyond a reasonable doubt that he was mistaken regarding M.M.'s age. In light of our conclusion that the state bore no burden of disproving Kramer's mistake-of-age defense, we construe the issue raised to be whether Kramer proved the affirmative defense of mistake of age by a preponderance of the evidence. Because this is akin to a challenge to the sufficiency of the evidence, our review is limited to a careful review of the evidence to determine whether, when the evidence is viewed in the light most favorable to the conviction, the factfinder, giving due regard to the presumption of innocence and the state's burden of proof, could reasonably find the defendant guilty. *State v. Webb,* 440 N.W.2d 426, 430 (Minn.1989). We recognize that the factfinder is in the best position to evaluate the credibility of witnesses, and we assume that the state's witnesses were believed. *State v. Profit,* 591 N.W.2d 451, 467 (Minn. 1999).

■ The district court concluded that

> [t]he totality of the evidence shows that Defendant at the time of the sexual activity did not know her age; and, that her age did not significantly matter to him at the time of the sexual activity. Defendant's trial testimony that he believed [M.M.] was 17 or at least 16 is not

credible. The affirmative defense where the burden is upon the Defendant to establish that it is more likely true than not true that he believed [M.M.] was 16 years of age or older at the time of the sexual activity has not been met.

The evidence supports the district court's findings. When Kramer raised the affirmative defense of mistake of age, the burden of persuasion was properly allocated to Kramer, and he failed to meet his burden. Although Kramer did not ask M.M. her age, M.M. testified that several suggestions were made as to her age. M.M. stated that she felt that mentioning her plans to apply to an arts high school for students in 11th and 12th grade was a suggestion regarding her age because she "told him you apply the year before." Kramer first testified that he believed M.M. was 17 and later testified that he believed she was over 18. It is the province of the fact-finder to determine the weight and credibility to be afforded the testimony of each witness. *State v. Folkers,* 581 N.W.2d 321, 327 (Minn.1998); *State v. Bowles,* 530 N.W.2d 521, 533 (Minn.1995); *State v. Bliss,* 457 N.W.2d 385, 390 (Minn.1990). "This is especially true where resolution of the case depends on conflicting testimony, because weighing the credibility of witnesses is the exclusive function of the [fact-finder]." *State v. Pieschke,* 295 N.W.2d 580, 584 (Minn. 1980). As the sole judge of credibility, a fact-finder is free to accept part and reject part of a witness's testimony. *State v. Poganski,* 257 N.W.2d 578, 581 (Minn. 1977). We, therefore, defer to the district court's credibility determination in resolving conflicting testimony. *State v. Bias,* 419 N.W.2d 480, 484 (Minn.1988). Our review of the record establishes that there is sufficient evidence to prove the elements of the offense beyond a reasonable doubt and that Kramer did not prove the affirmative defense of mistake of age by a preponderance of the evidence.

## II.

Kramer next contends that the district court abused its discretion when it conducted an in camera review of records relating to M.M.'s treatment. A district court has broad discretion in ruling on discovery and evidentiary matters. *State v. Wildenberg,* 573 N.W.2d 692, 696 (Minn. 1998).

> [An] in camera [review] strikes a fairer balance between the interest of the privilege holder in having his confidences kept and the interest of the criminal defendant in obtaining all relevant evidence that might help in his defense. We believe that trial courts, who by training and experience are qualified for the task of determining matters of relevancy, are capable of determining what if any of the information in the records might help in the defense.

*State v. Paradee,* 403 N.W.2d 640, 642 (Minn.1987). In a criminal case, the district court also must be mindful of the defendant's constitutional right to "be afforded a meaningful opportunity to present a complete defense...." *Wildenberg,* 573 N.W.2d at 697 (quoting *California v. Trombetta,* 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984)).

Kramer requests that we review the records produced at trial by Van Sickle to determine if the district court abused its discretion in denying Kramer's request for their production. Specifically, Kramer asserts that we should look for

1. [e]vidence that mitigates Kramer's culpability[;]

2. [e]vidence of M.M.'s disclosures, specifically including the therapist's thoughts, concerning her age[;]

3. [a]ny other evidence of M.M.'s disclosures that would be inconsistent with her other trial testimony[; and]

4. [e]vidence of M.M.'s disclosures which would indicate additional partners at or about November or December 2000, whose sex with her would cause a visit to Planned Parenthood, and whose conduct would explain M.M.'s psychological etiology.

From our careful review of these records, we conclude that the district court properly found that the records produced at trial did not contain information material to Kramer's guilt or innocence. The district court did not abuse its discretion when it declined to release additional psychological records to Kramer after conducting an in camera review.

## DECISION

The district court did not err when it concluded that Kramer was required to prove the affirmative defense of mistake of age by a preponderance of the evidence. The district court's denial of Kramer's request for the production of M.M.'s psychological records after an in camera review was not an abuse of discretion. The evidence is sufficient to support the conviction.

**Affirmed.**