*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1864**

State of Minnesota,
Respondent,

vs.

Theo Barry Putt,
Appellant.

**Filed September 8, 2015
Affirmed
Peterson, Judge**

Winona County District Court
File No. 85-CR-14-744

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Karin L. Sonneman, Winona County Attorney, Christina M. Davenport, Erin C. Stephens, Assistant County Attorneys, Winona, Minnesota (for respondent)

Melissa V. Sheridan, Assistant State Public Defender, Eagan, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Peterson, Judge; and Ross, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal from his conviction of failure to register as a predatory offender, appellant argues that the evidence was insufficient to prove beyond a reasonable doubt that he moved from his properly registered primary address. We affirm.

## FACTS

Appellant Theo Barry Putt was convicted of two separate incidents of indecent assault in Pennsylvania in 2002. Because of these convictions, appellant was required to register as a predatory offender under Minn. Stat. § 243.166 (2012) when he moved to Minnesota. The predatory-offender registration form that appellant signed and submitted on January 6, 2014, listed 6 Tahoe Lane, Winona,[1] as his current resident address; he listed no alternate residence.

The January 6 predatory-offender registration form includes a list of appellant's registration requirements, and appellant was required to individually initial each of the requirements. Appellant initialed the following requirement:

> I understand that I must register all changes to my primary address, including moving to another state, at least **five days prior to moving**. I understand that if I do not have five days advance notice of a change to my primary address, I must report the change **immediately**. I understand that I must make these notifications by completing the Minnesota Predatory Offender Change of Information Form with my corrections agent, or if I do not have a corrections agent, I will complete the form at the law enforcement authority with jurisdiction in the address I am leaving.

This provision is consistent with Minn. Stat. § 243.166, subd. 3(b), which states that

> at least five days before the person [who must register as a predatory offender] starts living at a new primary address . . . the person shall give written notice of the new primary address to the assigned corrections agent or to the law enforcement authority with which the person currently is registered.

---

[1] Although the address states Winona, this address is in the city of Goodview, Minnesota.

2

Appellant was residing at 6 Tahoe Lane with E.M.'s mother when E.M. moved into the residence with her children. Winona County Sheriff investigator Robin Averbeck received information on March 27, 2014, that appellant had moved out of 6 Tahoe Lane. For two weeks, Averbeck did not receive notice from appellant that he had changed his primary address. On April 11, Averbeck went to 6 Tahoe Lane at 7:30 a.m. Appellant was not there. At 8:20 a.m., Averbeck went to 278 Orrin Street in Winona. Appellant came to the door and spoke with Averbeck, who recorded the conversation.

Appellant told Averbeck that he had been living at the Orrin Street address for "a little over a week." Appellant denied being aware of the five-day notice requirement and said that Goodview police officers had told him that he had ten days to register his new address. Averbeck arrested appellant for violating the predatory-offender registration statute, which states that "[a] person required to register [as a predatory offender] . . . who knowingly violates any of its provisions . . . is guilty of a felony." Minn. Stat. § 243.166, subd. 5(a).

At appellant's bench trial, a family-resource worker who was assigned to a child-protection matter that involved E.M.'s children testified that she made multiple visits to 6 Tahoe Lane and that during a visit on April 7, 2014, appellant told her that "he was staying at Don's house on Orrin Street." E.M. testified that appellant moved out of the Tahoe Lane residence about two weeks before his arrest. Nicole Norman, a Goodview police officer who patrolled the area around the Tahoe Lane address a few times daily, testified that she did not see appellant's vehicle at that address during the two-week period before his arrest.

3

The district court found appellant guilty and sentenced him to a 26-month executed sentence.

**D E C I S I O N**

Appellant argues that the state failed to prove beyond a reasonable doubt that he moved from his primary address.

> When evaluating whether the evidence is sufficient, [an appellate court] carefully examine[s] the record to determine whether the facts and the legitimate inferences drawn from them would permit the jury to reasonably conclude that the defendant was guilty beyond a reasonable doubt of the offense of which he was convicted. We view the evidence presented in the light most favorable to the verdict, and assume that the fact-finder disbelieved any evidence that conflicted with the verdict. The verdict will not be overturned if the fact-finder, upon application of the presumption of innocence and the State's burden of proving an offense beyond a reasonable doubt, could reasonably have found the defendant guilty of the charged offense.

*State v. Fox*, ___ N.W.2d ___, ___, 2015 WL 1810482, at *12 (Minn. Apr. 22, 2015) (citations omitted). This court will not reverse a conviction if the fact-finder, "acting with due regard for the presumption of innocence and for the necessity of overcoming it by proof beyond a reasonable doubt, could reasonably conclude that a defendant was proven guilty of the offense charged." *State v. Alton*, 432 N.W.2d 754, 756 (Minn. 1998). "The State does not have the burden of removing all doubt, but of removing all reasonable doubt." *State v. Al-Naseer*, 788 N.W.2d 469, 473 (Minn. 2010).

It is the factfinder's task to "determine credibility and weigh the evidence." *Id.* at 473. We defer to the factfinder's credibility determinations. *State v. Kramer*, 668 N.W.2d 32, 37 (Minn. App. 2003), *review denied* (Minn. Nov. 18, 2003).

Appellant argues that "[t]he only person who testified that [he] moved from his registered primary address was [E.M.], a witness with significant credibility issues." But although appellant contends that E.M. had a motive to lie about whether he moved from the Tahoe Lane address, the district court was in the best position to evaluate E.M.'s credibility and specifically found that E.M. testified credibly that appellant moved out of 6 Tahoe Lane at the end of March 2014.

Also, E.M.'s testimony was consistent with the testimony of other witnesses. E.M.'s family-resource worker testified that appellant told her on April 7 that he was staying at a house on Orrin Street. Averbeck testified that when he went to the Orrin Street address, appellant came to the door. And in a recording of Averbeck's conversation with appellant, appellant said that he had been living there a little over a week.

Appellant cites contrary evidence presented at trial that demonstrated that some of his belongings and his dog were at the Tahoe Lane residence after he had allegedly moved out. He argues that E.M.'s testimony about when he left the Tahoe Lane residence was equivocal. He also argues that he was only temporarily absent from the Tahoe Lane residence and did not intend to move from his primary residence there.

But other evidence, including appellant's own recorded statements, demonstrated that appellant had moved. It was the district court's responsibility as factfinder to resolve any conflicts in the evidence. *State v. Gomez*, 721 N.W.2d 871, 883 (Minn. 2006) ("It is not the province of this court to reconcile conflicting evidence. On appeal, a trial court's findings of fact are given great deference, and shall not be set aside unless clearly

5

erroneous.") (quotation omitted)).  Viewed in the light most favorable to the district court's verdict, the evidence is sufficient to support the court's finding that appellant "moved out of 6 Tahoe Lane sometime between March 27, 2014 and April 4, 2014 without completing the required change of information form."

The district court specifically rejected as not credible appellant's contention that he thought he had ten days to update his registration.  The district court explained that

> this contention flies in the face of [appellant's] initialing on *multiple* prior occasions that he understood he must register all changes to his primary address at least five days prior to moving or immediately if he does not have five days advance notice of moving. . . . Even if this Court was persuaded that [appellant] was confused about timing, which it is not, it is incredible to believe that [appellant] did not know he had to register his change of address.  [Appellant] had properly changed his address and vehicle registration on prior occasions which shows that he knew and understood his registration obligation.

We defer to this credibility determination.  *See Kramer*, 668 N.W.2d at 37. Consequently, we conclude that the evidence was sufficient to permit the district court to conclude that appellant was guilty beyond a reasonable doubt of failing to register as a predatory offender.

**Affirmed**.